## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**HOLIDAY BUILDERS, INC.,**

                **Plaintiff,**

-vs-                                            **Case No. 6:04-cv-1697-Orl-31KRS**

**ZAKIYEH CORPORATION,**
**GENERATION BUILDERS, INC. and**
**CLIFFORD J. PEARSON d/b/a Pearson's**
**Design Group,**

                **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** RENEWED MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AGAINST DEFENDANTS ZAKIYEH CORPORATION AND CLIFFORD J. PEARSON (Doc. No. 39)
>
> **FILED:** August 17, 2005
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

### I.  PROCEDURAL BACKGROUND.

      On November 19, 2004, the plaintiff Holiday Builders, Inc. (Builders) filed a complaint alleging that the defendants Zakiyeh Corporation (Zakiyeh), Generation Builders, Inc.

(Generation), and Clifford J. Pearson d/b/a Pearson's Design Group (Pearson) infringed on a copyright Builders holds with respect to architectural plans.  Doc. No. 1.  Zakiyeh and Pearson were served with the complaint on November 30 and December 8, 2004, respectively.  Doc. Nos. 6, 7.  Neither of these defendants has answered the complaint or otherwise appeared in this case.

On February 1, 2005, Builders filed a motion for default judgment against Zakiyeh and Pearson, but not with respect to Generation.  Doc. No. 21.  On May 19, 2005, I recommended that the Court deny this motion because granting it would present a risk of inconsistent judgments, which recommendation the Court adopted on June 6, 2005.  Doc. Nos. 29, 30.  Subsequently, on August 11, 2005, the parties filed a stipulation of dismissal as to Generation, and the Court dismissed the claims against that party on August 15, 2005.  Doc. Nos. 37, 38.  Finally, Builders filed the present renewed motion for default judgment on August 17, 2005, which is supported by the affidavit of Scott Clark.  The Honorable Gregory A. Presnell, presiding district judge, referred this motion to me for issuance of a report and recommendation.

## II.     STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the plaintiff's complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").  Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in a complaint to determine whether a plaintiff is entitled to a default judgment.  *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

The defaulting defendant does not admit the amount of damages to be awarded. *See Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). The plaintiff has the burden of proving the amount of damages to be awarded.

### III.  ALLEGATIONS OF THE COMPLAINT.

Builders and Zakiyeh are Florida corporations conducting business in the Middle District of Florida. Doc. No. 1 ¶¶ 2-3. Pearson is an individual who resides in the Middle District of Florida and conducts business here. *Id.* ¶ 5. Builders is the owner of copyrighted plans for a particular home design, which it calls the "Sterling." *Id.* ¶ 7. Builders registered its copyright to the Sterling design with the United States Registrar of Copyrights on May 2, 2000, and attached a copy of its copyright certificate as an exhibit to the complaint. *Id.* ¶¶ 8-10, ex. A.

Zakiyeh and Pearson copied the copyrighted work, the Sterling, and Zakiyeh used the copyrighted work in connection with its business activities. *Id.* ¶¶ 11, 12. Builders did not authorize Zakiyeh and Pearson's copying of the Sterling design. *Id.* ¶ 12. Builders has suffered compensable injury caused by Zakiyeh and Pearson's infringing activities and will continue to suffer irreparable injury unless their infringing stops. *Id.* ¶ 13. Zakiyeh and Pearson "were knowingly engaged in [ ] a willful and reckless disregard of" Builder's rights when they infringed its copyright. *Id.* ¶ 14.

### IV.  EVIDENCE REGARDING DAMAGES.

Builders seeks a default judgment in its favor for the amount of $183,900.00. In support of this amount, Builders filed the affidavit of Scott Clark. Doc. No. 39, ex. A. Clark is Builder's Corporate Purchasing and Quality Control Manager. *Id.* ¶ 2. He is familiar with the profits that

Builder's could have derived from sales of homes built using the Sterling plans. *Id.* According to Clark, Builders could have realized a profit of $15,000.00 if it had sold a Sterling home similar to the one sold by Zakiyeh and Pearson. *Id.* Based on a search of the public records of Brevard County, Florida, Clark determined that Zakiyeh and Pearson generated $168,900.00 in revenue from the sale of the home built using the infringing "Sterling" plans. Clark Aff. ¶ 3.

**V.     ANALYSIS.**

    A.     *Liability.*

A plaintiff establishes a *prima facie* case of copyright infringement by proving by a preponderance of the evidence "(1) that is owns a valid copyright in the work allegedly infringed, and (2) that the defendant copied that work." *Donald Frederick Evans and Assoc. v. Continental Homes, Inc.*, 785 F.2d 897, 903 (11th Cir. 1986). In the present case, Builders' complaint alleges that it is the owner of copyrighted plans for the Sterling, and that the plans are the subject of a Copyright Registration issued by the United States Registrar of Copyrights. These allegations satisfy the first element of copyright infringement. Builders alleged that the Defendants copied the Sterling plans and that Zakiyeh used the plans in its business. Builders further alleged that it did not authorize this copying. These allegations satisfy the second element of copyright infringement. Thus, the facts to which Zakiyeh and Pearson admit by failing to answer the complaint establish that they are liable for copyright infringement.

    B.     *Damages.*

"[A]n infringer of [a] copyright is liable for either[:]  (1) the copyright owner's actual damages and any additional profits of the infringer . . . ; or (2) statutory damages . . . ." 17 U.S.C. § 504(a). When multiple parties contribute to a single act of copyright infringement, they are

jointly and severally liable for the copyright holder's damages. *See, e.g., Arthur Rutenberg Homes, Inc. v. Maloney*, 891 F. Supp. 1560, 1568 (M.D. Fla. 1995). Thus, Zakiyeh and Pearson are jointly and severally liable for Builders' damages.

Builders seeks to recover its actual damages and profits realized by Zakiyeh and Pearson attributable to the infringement. The Copyright Act describes the computation of this amount as follows:

> The copyright owner is entitled to recover the actual damages suffered by him or her as the result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

17 U.S.C. § 504(b). In the case of architectural plans, the consensus of courts that have addressed the issue is that damages include the amount the copyright owner would have made on houses it would have sold but for the infringement and profits made by the infringer from building and selling homes built using the copyrighted plans. *See Robert R. Jones Assocs., Inc. v. Nino Homes*, 858 F.2d 274, 280 (6th Cir. 1988); *Cornerstone Home Builders, Inc. v. McAllister*, 303 F. Supp. 2d 1317, 1321 (M.D. Fla. 2004); *Maloney,* 891 F. Supp. at 1568; *Intown Enterprises, Inc. v. Barnes,* 721 F. Supp. 1263, 1266-67 (N.D. Ga. 1989).

The evidence establishes that Builders would have received $15,000.00 profit from the sale of the home built from the infringed Sterling plan. The evidence further establishes that Zakiyeh

and Pearson received $168,900.00 in gross revenues from the sale of the house built from the Sterling plan.[1]

Builders asserts that it is entitled to both the $15,000.00 profit it lost and the $168,900.00 in gross revenue received by Zakiyeh and Pearson. As noted above, The Copyright Act provides that the Court should only award "profits of the infringer that . . . are not taken into account in computing the actual damages." 17 U.S.C. § 504(b). Because the evidence establishes that $15,000.00 would have been the profit Builders realized from the sale of a home built from the Sterling plan, it appears that Builder's would obtain a double recovery of its lost profits if it is permitted to recover the total gross revenues from the sale of the house plus an additional $15,000.00. Because the $15,000.00 profit from the sale of a house is, necessarily, included in the gross revenue from the sale of the home, Builders is not entitled to $15,000.00 in actual damages and an additional $15,000.00 profit built into the sale price of the house. *Cf. Robert Jones Assocs., Inc.*, 858 F.2d at 281 (addressing the concept of double recovery in the context of damages for infringement of architectural plans).

Accordingly, I recommend that the total actual damages in this case be limited to $168,900.00.

---

[1] As noted above, in establishing the infringer's profits under 17 U.S.C. § 504(b) the copyright owner (Builders) is only required to present proof of the infringer's gross revenue. The burden then shifts to the infringers (Zakiyeh and Pearson) "to prove [their] deductible expenses and the elements of profit attributable to factors other than the copyrighted work." *Id*. Here, Zakiyeh and Pearson have not responded and, therefore, have not proved any deductible expenses. *See Coast to Coast Fabrics, Inc. v. Tracy Evans, LTD*, No. 00 Civ. 4417AKH AJP, 2001 WL 5037, at *2 (S.D.N.Y. Jan. 2, 2001); *Dumas v. Dagl*, No. 88 Civ. 2293 (LBS), 1990 WL 258343, at *3 (S.D.N.Y. May 22, 1990).

C. *Injunctive Relief.*

The copyright act provides that courts may "grant temporary and final injunctions on such terms as [they] may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "Injunctions are regularly issued pursuant to the mandate of Section 502, because 'the public interest is the interest in upholding copyright protections.'" *Arista Records, Inc. v. Beker Enter., Inc.*, 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003) (quoting *Autoskill, Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1499 (10th Cir. 1993)). In addition, in the context of a copyright infringement default judgment courts generally grant injunctive relief as a matter of course, inferring prerequisites to obtaining an injunction from the defendant's admissions. *See id.* Thus, it is appropriate for the Court to enjoin Zakiyeh and Pearson from unlawfully copying Builders' copyrighted plan and from building houses from the copyrighted plan.

## V. RECOMMENDATION.

For the reasons stated herein, I respectfully **RECOMMEND** that the Court **GRANT** in part the Renewed Motion for Entry of Default Final Judgment Against Defendants Zakiyeh Corporation and Clifford J. Pearson (doc. no. 39), and award Holiday Builders, Inc. damages in the amount of $168,900.00, for which defendants Zakiyeh Corporation and Clifford J. Pearson are jointly and severally liable. I further recommend that the Court direct Holiday Builders, Inc. to submit a proposed form of order permanently enjoining Zakiyeh Corporation and Clifford J. Pearson from infringing on Holiday Builders, Inc.'s copyright in the Sterling architectural plans.

Finally, I recommend that the Court direct the Clerk of Court to enter judgment based on its order on this Report and Recommendation and, thereafter to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 9, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy