UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HOLIDAY BUILDERS, INC.,**

          **Plaintiff,**

-vs-                                          Case No. 6:04-cv-1697-Orl-31KRS

**ZAKIYEH CORPORATION and
CLIFFORD J. PEARSON d/b/a Pearson's
Design Group,**

          **Defendants.**

## ORDER

This matter comes before the Court on a Report and Recommendation (Doc. 40) regarding the Plaintiff, Holiday Builders, Inc.'s ("Holiday") Motion for Entry of Default Final Judgment (Doc. 39) against the Defendants, Zakiyeh Corporation ("Zakiyeh") and Clifford J. Pearson ("Pearson") (collectively referred to with Zakiyeh, where appropriate, as the "Defendants").

**I.    Background**

Holiday alleged that the Defendants infringed on a copyright Holiday holds with respect to certain architectural plans (the "Sterling Plans"). Holiday alleged that the Defendants copied those plans without Holiday's authorization, and then used them in connection with the construction and sale of a home. Holiday asserts that it could have realized a profit of $15,000 if it had sold a home similar to that sold by the Defendants, and that the Defendants generated $168,900 in revenue from the sale of that home. The Defendants did not answer the complaint or otherwise appear in this case, and thus Holiday sought the entry of a default judgment against them. On reviewing

Holiday's motion for default judgment, the Magistrate Judge determined that the complaint stated a *prima facie* case of copyright infringement against the Defendants, and that by defaulting, the Defendants admitted liability therefor.  (Doc. 40 at 4).

Holiday sought to recover from the Defendants both actual damages and the Defendants' profits that were attributable to the infringement.  The Magistrate Judge determined that Holiday was entitled to the amount it would have made on houses it would have sold but for the infringement and profits the Defendants made from building and selling homes built using the copyrighted plans.  (Doc. 40 at 5).  The Magistrate Judge then determined that, although Holiday asserted that it was entitled to $15,000 in lost profits and $168,900 in infringer profits, such a recovery would be duplicative, and thus limited Holiday's recovery to $168,900.  (*Id*. at 6).

The Defendants have not objected to the Magistrate Judge's Report and Recommendations.

## II.     Legal Analysis

In determining whether to accept, reject, or modify a magistrate's report and recommendations, this Court has the duty to conduct a careful and complete review.  *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982); *O'Reardon v. Principal Life Ins. Co.*, 301 F. Supp. 2d 1323, 1324 (M.D. Fla. 2004) (court should conduct *de novo* review regardless of whether parties file objections).  Upon review, the Court concludes that the Magistrate Judge's recitation of the law of damages to be applied here is not entirely correct.

Section 504 "is clear on what damages [the plaintiff] is entitled to if it wins, and on the allocation of burdens of persuasion in a damages calculation."  *John D. Danielson, Inc. v. Winchester-Conant Properties, Inc.*, 186 F. Supp. 2d 1, 26 (D. Mass. 2002).  Under Section 504, subsection (a), an infringer of a copyright is liable for, *inter alia*, the copyright owner's actual

damages and the infringer's profits. 17 U.S.C. § 504(a). Subsection (b) of Section 504 provides, in relevant part, that the "copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b). A copyright owner may thus seek recovery from an infringer in two forms: actual damages and infringer's profits.

A. Actual Damages

In copyright infringement actions regarding architectural plans, actual damages have been measured in several ways.

> [F]irst, it could be that but for the infringement, [the copyright owner] would have made the profit out of its own sale/use of the work; second, it could be that [the copyright owner] suffered a loss because the defendant might have purchased the material from [the copyright owner]; and third, when the defendant reproduced [the copyright owner's] copyrighted material, it may have damaged [the copyright owner] to the extent of value of use of the assets in terms of acquisition costs saved by the defendant.[1]

---

[1] *See also Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 708 (9th Cir. 2004) ("Actual damages are usually determined by the loss in the fair market value of the copyright, measured by the profits lost due to the infringement or by the value of the use of the copyrighted work to the infringer.") (internal citation and quotation omitted); *Van Brouck & Assocs., Inc. v. Darmik, Inc.*, 329 F. Supp. 2d 924, 937 (E.D. Mich. 2004) ("The proper measure of actual damages in a copyright infringement action regarding architectural plans is the lost fair market value of the architectural plans, measured by what a willing buyer would have been reasonably required to pay a willing seller for plaintiff's work.") (internal citations and quotations omitted); *Holabird & Root Architects Eng'rs Interiors v. Physicians Mgmt. of IN, Inc.*, 1995 WL 248066 at *3 (N.D. Ill. Apr. 24, 1995) (Defining "the fair market value of the infringed document, the value of use, as the acquisition cost saved by infringement instead of purchase. . . . [T]he value of use to the infringer in terms of saved acquisition costs is equal (except for marginal production costs) to the copyright owner's lost profits from avoided sales to the infringer."); *Deltak, Inc. v. Advanced Sys., Inc.*, 767 F.2d 357, 361-62 (7th Cir. 1985).

*Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, 262 F. Supp. 2d 923, 927-28 (N.D. Ill. 2003). Actual damages may be denied where they are either not caused by the infringement, or are too speculative in nature. *See Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 708 (9th Cir. 2004) (actual damages must be suffered as a result of the infringement); *Eiben v. A. Epstein & Sons Int'l, Inc.*, 57 F. Supp. 2d 607, 613 (N.D. Ill. 1999) (damages may be denied where speculative); *Jarvis v. A&M Records*, 827 F. Supp. 282, 293 (D.N.J. 1993).

B. Profits

In addition to actual damages, a copyright owner may recover damages referred to as "infringer's profits." These profits are defined as "any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b); *see also Van Brouck*, 329 F. Supp. 2d at 937. Section 504 also establishes the burden of persuasion in establishing infringer's profits, as follows: "In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b); *see also Associated Residential Design, LLC v. Molotky*, 226 F. Supp. 2d 1251, 1254 (D. Nev. 2002). The copyright owner bears the initial burden of establishing that the infringer's profits were attributable to the infringement. *Polar Bear*, 384 F.3d at 708 (plaintiff must establish causal connection between infringement and monetary remedy sought).[2] Then if the copyright owner meets that burden, because of the

---

[2] In a case such as the instant case, where the copyright infringer defaults, he admits proximate cause. *See Elektra Entertainment Group Inc. v. Bryant*, 2004 WL 783123 at *2 (C.D. Cal. Feb. 13, 2004) ("Plaintiff's burden in proving up damages is relatively lenient. If proximate cause is properly alleged in the complaint, it is admitted upon default. Injury is established and plaintiff need prove only

statutory burden-shifting approach "under § 504(b), all gross revenue is presumed to be profit attributable to the infringement, unless the infringer is able to demonstrate otherwise." *Van Brouck*, 329 F. Supp. 2d at 937; *see also Banff Ltd. v. Express, Inc.*, 921 F. Supp. 1065, 1069 (S.D.N.Y. 1995) (after plaintiff makes prima facie showing of revenue produced by defendant's infringement, burden shifts to defendant to demonstrate deductible expenses).

      C. The Instant Case

In this case, the Magistrate Judge correctly applied the law regarding infringer profits, and properly concluded that Holiday's actual damages would be subsumed therein. However, in calculating Holiday's actual damages, the Magistrate Judge misconstrued the nature of the injury. Holiday's copyright injury is based upon the value of the plans that were infringed, not the profit which Holiday could have earned building a house incorporating those plans. Thus, Holiday's actual damages would be measured by the value of the plans if sold (or licensed) separately in the marketplace. That value presumably represents only a small portion of the builder's profit attributable to construction of the house.[3]

---

that the compensation sought relates to the damages that naturally flow from the injuries pled.") (internal citations and quotations omitted); *Greyhound Exhibitgroup, Inc. v. E.L.U.I. Realty Corp.*, 973 F.2d 155, 159 (2nd Cir. 1992) (in applying proximate cause to calculation of damages in default judgment, requirement is that "the compensation sought relate to the damages that naturally flow from the injuries pleaded"). There is a difference in "cause" as it relates to the cause of the injury suffered, and "cause" as it relates to a determination of whether certain damages flow from those injuries. *Greyhound*, 973 F.2d at 159. However, because the Defendants here have defaulted, the Court has no choice but to accept Holiday's sworn assertions that the compensation they request in the form of damages and infringer's profits is attributable to, and thus flows from, the injury they suffered when the Defendants infringed upon their copyrighted material.

    [3] In addition, the Report and Recommendation states that a copyright owner is entitled to recover "profits made by the infringer from building and selling homes built using the copyrighted plans." (Doc. 40 at 5). However, when calculating infringer's profits, a copyright owner is not

### III.    Conclusion

For the reasons stated herein, the Court accepts the Report and Recommendation (Doc. 40) in part, and rejects it in part. Specifically, the Court rejects the Magistrate Judge's determination of actual damages in this case. However, since the ultimate conclusion was correct, it is

**ORDERED THAT** the Magistrate's Report and Recommendation (Doc. 40) is CONFIRMED. Holiday's Renewed Motion for Entry of Default Final Judgment (Doc. 39) is GRANTED. Holiday Builders, Inc. is awarded damages in the amount of $168,900, for which the Defendants, Zakiyeh Corporation and Clifford J. Pearson, are jointly and severably liable. The Clerk is directed to enter judgment accordingly.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 4, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

necessarily entitled to *all* profits made by the infringer from selling homes built using the copyrighted plans. Instead, the copyright owner is only entitled to recover those profits of the infringer that are *attributable to* the infringement.